WESTERN DIST ARKANSAS
FILED

JAN 0 7 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### EL DORADO DIVISION

| | | |
|---|---|---|
| LOUISIANA COMMERCE & TRADE ASSOCIATION, SELF INSURERS FUND, | ) ) ) | |
| Plaintiff, | ) ) | Case No. __16-1001__ |
| v. | ) ) | Original State Case Docketed as 70CV-15-436-6, Union County, AR |
| WEST FRASER, INC., | ) ) | Circuit Court |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF ARKANSAS:

Relying on 28 U.S.C. §§ 1441 and 1446, Defendant West Fraser, Inc. now removes the civil

action styled *Louisiana Commerce & Trade Association, Self Insurers Fund vs. West Fraser, Inc.*, in

the Circuit Court of Union County, Arkansas, bearing No. 70CV-15-436-6 (State Action), to this

Honorable Court.  Removal is proper under § 1441(b) because this Court has original jurisdiction

over this action under 28 U.S.C. § 1332(a).

As provided by § 1446(a), West Fraser states the following grounds for removal:

**I.    REMOVAL IS PROCEDURALLY PROPER.**

1.    Removal of the State Action to this Court is procedurally proper.

2.    Plaintiff originally filed the State Action in the Circuit Court of Union County,

Arkansas, on November 16, 2015.

3.      The Circuit Court of Union County, Arkansas, is located within the Western District of Arkansas, El Dorado Division. *See* 28 U.S.C. § 1441(a).

4.      West Fraser was served with the Summons and Complaint in the State Action on December 8, 2015. Accordingly, this Notice of Removal, filed within thirty (30) days of that date, is timely. *See* 28 U.S.C. § 1446(b).

5.      Copies of all documents and exhibits filed with respect to the State Action, which include Plaintiff's Complaint, are attached collectively hereto as **Exhibit 1**.

6.      A copy of this Notice of Removal is being filed contemporaneously with the clerk of the Circuit Court of Union County, Arkansas, and served upon counsel for Plaintiff as provided in the Certificate of Service included below.

II.     **THIS COURT'S EXERCISE OF SUBJECT-MATTER JURISDICTION IS PROPER.**

7.      This Court's exercise of subject-matter jurisdiction over the State Action is proper under 28 U.S.C. §§ 1332(a) and 1441(b) because it is a civil action where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

        A.      **Complete Diversity Exists Between the Parties.**

8.      Plaintiff and West Fraser, the only named Defendant in this action, are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

9.      West Fraser is a Delaware corporation with its principal place of business at 1900 Exeter Road, Suite 105, Germantown, TN 38138. West Fraser is therefore a citizen of Delaware and Tennessee for purposes of §§ 1332 and 1441.

2

10.     Plaintiff "is a Louisiana Workers' Compensation Self Insurers Fund, organized pursuant to the Louisiana Workers' Compensation Act." (Compl. ¶ 1.)  Plaintiff is therefore a citizen of Louisiana for purposes of §§ 1332 and 1441.

11.     Plaintiff asserts claims in the State Action as the subrogee of its insured, Adam Davis, Jr. (*See id.* ¶ 6.)

12.     Davis is not a party to the State Action.

13.     Federal courts in the Eighth Circuit consult state substantive law to determine whether a subrogee-insurer or a subrogor-insured is the real party in interest when they exercise diversity jurisdiction. *See Tri-National, Inc. v. Yelder*, 781 F.3d 408, 412 (8th Cir. 2015).

14.     Under Arkansas law, "[t]he real party in interest is considered to be the person or corporation who can discharge the claim on which the allegation is based, not necessarily the person ultimately entitled to the benefit of any recovery." *Recinos v. Zelk*, 250 S.W.3d 221, (Ark. 2007) (citing *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 73 S.W.3d 584, 589 (Ark. 2002)).

15.     The Eighth Circuit has acknowledged the Supreme Court's instruction that "[i]f the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name." *Tri-National*, 781 F.3d at 413 (quoting *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 380-81 (1949)).

16.     Plaintiff claims that it has paid $76,900.50 in wage indemnity benefits and $64,498.38 in medical benefits to or on behalf of Davis and is entitled to recover those amounts from West Fraser. (Compl. ¶ 7.)

3

17.     Plaintiff further claims "that compensation benefits to Davis may extend into the future for a [*sic*] indefinite period of time" and that Plaintiff is entitled to recover any future payment of such benefits from West Fraser.  (*Id.* ¶ 6.)

18.     Because Plaintiff may not have paid "an entire loss suffered by Davis," Davis, and not Plaintiff, may be the real party in interest in the State Action.

19.     To the extent that Davis, and not Plaintiff, is the real party in interest in the State Action, Davis and West Fraser are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

20.     Upon information and belief, Davis resides and is domiciled at 308 Caswell Ave., Bogalusa, Washington Parish, Louisiana. Davis is therefore a citizen of Louisiana for purposes of §§ 1332 and 1441.

> **B.     The Amount In Controversy Expressly Exceeds $75,000.**

21.     The amount in controversy in this action, exclusive of interests and costs, exceeds the sum or value of $75,000.00.  *See* 28 U.S.C. § 1332(a).

22.     Plaintiff claims that it has paid $76,900.50 in wage indemnity benefits and $64,498.38 in medical benefits to or on behalf of Davis and is entitled to recover those amounts from West Fraser. (Compl. ¶ 7.)

23.     Plaintiff further claims "that compensation benefits to Davis may extend into the future for a indefinite period of time" and that Plaintiff is entitled to recover any future payment of such benefits from West Fraser.  (*Id.* ¶ 6.)

24.     Plaintiff's claims against West Fraser thus expressly exceed the sum or value of $75,000.00, exclusive of interests and costs.

**WHEREFORE**, Defendant West Fraser now removes this action, bearing No. 70CV-15-436-6, from the Circuit Court of Union County, Arkansas, to this Honorable Court.

**RESPECTFULLY SUBMITTED**, this the 7th day of January, 2016,

BUTLER SNOW LLP

By: _____

Daniel W. Van Horn (AR Bar No. 2007024)
Gadson W. Perry (TN Bar No. 030539)
The Crescent Center
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 (fax)
danny.vanhorn@butlersnow.com
will.perry@butlersnow.com

*Attorneys for Defendant West Fraser, Inc.*

5

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record via U.S. Mail, postage prepaid, this 7th day of January, 2016.

Josh E. McHughes, Esq.
Becky A. McHughes, Esq.
Christopher D. Anderson, Esq.
**THE MCHUGHES LAW FIRM, PLLC**
P.O. Box 2180
Little Rock, AR 72203
(501) 376-9131
josh@mchugheslaw.com
becky@mchugheslaw.com
chris@mchugheslaw.com

*Attorneys for Plaintiff*

29245399v1

6