IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LOUISIANA COMMERCE & TRADE
ASSOCIATION, SELF INSURERS FUND                                           PLAINTIFF

v.                          CASE NO. 1:16-cv-01001-SOH

WEST FRASER, INC.                                                         DEFENDANT

### ORDER

Before the Court is a Motion to Dismiss filed by Defendant West Fraser, Inc. (ECF No. 6). Plaintiff Louisiana Commerce & Trade Association, Self Insurers Fund has filed a response to the Motion. (ECF No. 9). The matter is ripe for the Court's consideration. For the reasons discussed below, the motion is granted.

### BACKGROUND

The Louisiana Commerce & Trade Association, Self-Insurers Fund ("LCTA") is a workers' compensation self-insurance fund organized in Louisiana. Kentwood Brick and Tile Manufacturing Company, Inc. ("Kentwood") was a member of the LCTA's Self-Insurers Fund during the time pertinent to this action. In 2010, Adam Davis, Jr., a truck driver employed by Kentwood, was injured in a forklift accident. The accident occurred on Defendant West Fraser's property in Huttig, Arkansas. Davis alleges that, at the time of the accident, he was acting within the scope of his employment. The forklift was operated by a West Fraser employee, and Davis alleges that the employee was also acting within the course and scope of his employment when the accident occurred.

On March 6, 2013, Davis filed suit against West Fraser in this Court (*Davis v. West Fraser*, Case No. 1:13-cv-01019), alleging that West Fraser was vicariously liable for the negligence of its employee who caused the forklift accident and Davis's resulting injuries. LCTA was allowed to intervene in the 2013 case as Kentwood's self-insurance fund. Thereafter, Davis filed a motion to dismiss. Upon Davis's motion, the Court dismissed Davis's claim without prejudice and conditioned any re-filing of his claim on payment of West Fraser's costs.[1]

On November 16, 2015, LCTA filed suit against West Fraser in Union County Circuit Court for compensation related to Davis's accident and injuries.[2] On January 8, 2016, Davis also filed suit against West Fraser in Union County Circuit Court for compensation regarding the forklift accident. Both of these cases were subsequently removed to this Court. In the present case, LCTA's complaint alleges that West Fraser is liable for the negligence of its employee through the doctrine of respondeat superior. LCTA seeks to recover the amount it has paid Davis in workers' compensation benefits and asserts that it is entitled to the amount of any future payments to Davis.[3]

## DISCUSSION

West Fraser seeks to dismiss LCTA's complaint, arguing that procedural defects in the complaint require dismissal. First, West Fraser alleges that its costs from the 2013 case that this Court required to be paid before re-filing Davis's claims have not been paid. As a result, West Fraser states that LCTA's complaint should be dismissed. Second, West Fraser argues that because LCTA is not the real party in interest in this action, its claim must be dismissed. Fed. R. Civ. P. 17(a)(1).

---

[1] LCTA did not object to the dismissal of the case.
[2] LCTA is attempting to obtain subrogation for its payments to Davis through his employer Kentwood.
[3] Specifically, LCTA seeks to recover the $141,398.88 in workers compensation benefits it has already paid to Davis, along with the amount of additional workers' compensation benefits it might pay to Davis in the future, attorney's fees, court costs, and all proper relief to which Davis may be entitled.

West Fraser argues that LCTA's complaint should be dismissed because a condition precedent has not been satisfied. In the Court's order dismissing Davis's 2013 case against West Fraser, the Court stated that Davis should pay West Fraser's costs in the amount of $1,767.25 should Davis refile his claim. *Davis v. West Fraser, Inc.*, Case No. 1:13-cv-01019, ECF No. 45. Under Arkansas law, an insurer-subrogee acquires the same rights and defenses as its insured-subrogor and predecessor in interest. *See Shelter Ins. Co. v. Arnold*, 940 S.W.2d 505, 507 (Ark. App. 1997). Therefore, as subrogee to Davis, LCTA must satisfy the condition this Court established for Davis to refile his negligence claim against West Fraser. LCTA does not dispute that this condition has not been satisfied. Therefore, LCTA cannot bring its claim against West Fraser without first paying West Fraser's costs.

West Fraser next argues that LCTA's complaint should be dismissed because Davis, not LCTA, is the real party in interest. Because this is a federal diversity case, the Court will apply federal procedural rules but Arkansas substantive law, which is the law of the forum state. *See Perry v. Johnson*, 641 F.3d 953, 955-956 (8th Cir. 2011) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 226, 111 S. Ct. 1217 (1991)).[4]

An action must be brought in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). The purpose of Rule 17(a) is to ensure that the defendant will face only one suit and will obtain the benefit of res judicata. *Curtis Lumber Co., v. Louisiana Pacific Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). The Court looks to Arkansas substantive law to determine whether LCTA, as subrogee to Davis, is the real party in interest in the action. *See Tri-National, Inc. v. Yelder*, 781 F.3d 408, 411-412 (8th Cir. 2015) (stating that, in diversity cases, state substantive law is consulted to determine whether a subrogee is the real party in interest). Subrogation is

---

[4] LCTA states that it is a resident of Louisiana and that Louisiana does not recognize the made whole doctrine. LCTA, however, makes no effort to cite any Louisiana cases or argue why Louisiana law should apply. (ECF No. 9).

when an insurer (subrogee) puts itself into the shoes of the insured (subrogor) to assert the insured's rights against a third party. *See Progressive Halcyon v. Salvidar*, 2013 Ark. 69, 2013 WL 655234, at *5 (2013). Arkansas subscribes to the "made whole" doctrine, which stipulates that an insurer is not entitled to subrogation until the insured has been made whole for its loss. *Id*. When an insurer has only partially reimbursed the insured for its loss, the insured is the only real party in interest and any action for recovery against a third party must be brought in its name. *Farm Bureau Ins. Co. v. Case Corp.*, 878 S.W.2d 741, 742 (Ark. 1994).

LCTA states in its complaint that it seeks reimbursement for compensation payments it will make to Davis for an indefinite span of time. This indicates that as subrogee, LCTA has not paid for the entire loss suffered by subrogor Davis and that Davis has not been made whole for that loss. Therefore, Davis is the only real party in interest because he has not been completely reimbursed for his loss and that LCTA cannot attempt subrogation. *See Salvidar* 2013 Ark. at *7; *Farm Bureau* 878 S.W.2d at 742. Also, the fact that Davis is bringing the same claim against West Fraser separately and simultaneously indicates that LCTA is not truly standing in Davis' place to assert his right as required under the principles of subrogation. *See Salvidar* at *7. Moreover, it defeats the purpose of Rule 17, which seeks to ensure that West Fraser will face only one suit. *See Curtis Lumber*, 618 F.3d at 771. LCTA cannot reasonably contend that it is asserting a right on behalf of Davis while Davis is asserting that same right in a different action. Consequently, LCTA cannot be considered the real party in interest in this action.

## CONCLUSION

LCTA has not satisfied the condition precedent necessary to file its claim. Further, LCTA is not the real party in interest to this action. Accordingly, West Fraser's Motion to

Dismiss (ECF No. 6) is **GRANTED**, and LCTA's claims are **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED,** this 24th day of June, 2016.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            United States District Judge